PER CURIAM.
The appealed order is before us on expedited appeal. We find no error in the court’s requiring appellant to deposit the monthly payments received from the two mortgages into her attorney’s trust account in order to preserve the marital estate assets pending resolution of the appeal. Likewise, we find no error in the order directing the mortgagors to make such monthly payments directly to the attorney’s trust account rather than to appellant.
We also hold that the trial court has not been shown to have abused its discretion in discontinuing appellant’s use of these funds to meet her personal expenses for support. Appellant has remarried since the entry of the order allowing her to so use those monthly payments. The trial court has ample authority to issue orders necessary to preserve the marital assets pending the outcome of the. appeal from the final judgment of annulment. We conclude that even though the finding of contempt against appellant is inconsistent with the finding that she did not have available funds to make the payment required by the order of March 25, 1986, and is subject to being set aside, nevertheless the trial court has authority to preserve the marital assets pending appeal from the final judgment, which includes the power to discontinue distribution of mortgage payments to appellant for her sole personal use.
This decision is not intended to foreclose appellant from applying to the court below for release of marital funds allocated to her in the final judgment upon a showing of significant financial need during the pendency of the appeal.
AFFIRMED.
SMITH, SHIVERS and ZEHMER, JJ., concur.